City of Brooklyn *v.* Toynbee.

---

THE CITY OF BROOKLYN *vs.* THOMAS TOYNBEE.

A municipal government may be authorized to pass ordinances imposing new and superadded penalties for acts already penal by the laws of the state.

In an action to recover penalties incurred under the ordinance of the city of Brooklyn of July 3d, 1850, " to prevent the sale of certain commodities" in that city " on Sundays," for exposing to sale and selling liquor, on that day, it is erroneous, after proof of selling, only, for the judge to charge the jury that the plaintiffs are entitled to recover one penalty for exposing to sale, and one penalty for selling liquors, &c. on the same Sunday.

City of Brooklyn *v.* Toynbee.

Under that ordinance a party is not liable to two penalties for the same act, one for exposing to sale, and the other for selling.

Every sale necessarily includes an offer of the goods sold; and one single act of selling cannot be divided into two offenses.

APPEAL from a judgment of the city court of Brooklyn. The action was brought for the violation of an ordinance of the city of Brooklyn. The complaint contained 104 counts, and sought to recover 104 penalties of $50 each, amounting in the aggregate to $5200, for exposing for sale, and selling, liquor on the sabbath, in violation of the ordinance. The verdict was for $800, the aggregate of sixteen penalties; one moiety thereof being for the *sale* of the liquor, and the other moiety for *exposing* it in the act of sale. The defendant kept a hotel, and the only cause of action pursued at the trial, was the sale of liquor at that hotel on several sabbaths. The counts for exposing for sale were not supported by proof, except as exposure is necessarily involved in the act of selling. The court instructed the jury that the plaintiffs were entitled to one penalty for each sale of liquor, and another penalty for each exposure on such sale—in effect doubling each penalty. Judgment was rendered for the plaintiffs pursuant to the verdict, and the defendant appealed therefrom.

*J. M. Van Cott,* for the appellant.

*Henry Hagner,* for the respondents.

EMOTT, J. It is contended that the ordinance upon which this suit was brought, or at least that portion of it which forbids the sale of liquor on Sunday, is void upon the principles supposed to be laid down by Mr. Justice Strong in *Wood* v. *City of Brooklyn,* (14 *Barb.* 425,) to which we were cited. Obviously, however, that case is not in point. The plaintiff, there, was the possessor of a license to sell liquor as a tavern-keeper, granted by the state authorities, and the question was whether the city of Brooklyn had power to prohibit an act

which a law of the state and the license granted under it, not only did not forbid, but expressly permitted. Here the defendant in the court below was not a licensed innkeeper, and did not pretend to any rights or privileges other than such as are common to all the citizens of Brooklyn. It would be going much farther than the learned justice in the case referred to went, and farther than he seems to have been disposed to go, if we were to hold that the ordinance in question is wholly void because it is rendered inoperative as to certain persons by the privileges and permissions conferred upon them by licenses granted under the laws of the state. It may be that as far as a municipal ordinance conflicts with, or contravenes, a law of the state, in the case of any individual, it may be void; but it does not follow that it is void in toto, or as to every one else. It may easily be shown upon principle and authority—and the learned judge in the case of *Wood* v. *The City of Brooklyn* sanctions this view—that a municipal government may be authorized to pass ordinances imposing new and superadded penalties for acts already penal by the laws of the state. We cannot yield to the objection that this ordinance was void because a statute of the state had already prescribed penalties for the acts here forbidden under new penalties. It must be added, in reference to the objection founded on the fact that licenced as well as unlicenced persons are within its terms, that at the time of the offense for which this suit was brought no such licenses existed or were allowed, and there was in fact no conflict between the law of the state and this ordinance.

At the trial in the city court, the plaintiff, as it is stated in the bill of exceptions, " proved the sale of goods or liquors by the defendant on Sundays as is alleged in the complaint, during the year prior to December 30, 1855 " This was all the evidence in the cause, and upon this the city judge instructed the jury " that the plaintiffs were entitled to recover one penalty for exposing to sale and one penalty for selling liquors or merchandise mentioned in the complaint on the same Sunday ;" to which the defendant excepted. If there had been proof of

City of Brooklyn *v.* Toynbee.

any act of exposing goods for sale other than the sales consummated and proved—that is, if there had been proof of an offer or exposure of liquors or goods at one time, and subsequently a sale at another time on the same day—then the question would have been presented which was argued at the bar, whether there can be more than one offense committed against this ordinance by all that is done on any one Sunday, or more than one penalty recovered for several acts done contrary to its provisions on the same day. But as the proof of sales by the defendant conformed to the complaint, and that alleged substantially a single sale on each Sunday, and no exposing to sale other than the actual sales was proved, we think this question does not arise, on the evidence. We therefore decline to express any opinion upon it.

A serious question, however, arises upon that part of the charge of the city judge, which we have quoted; that is, whether the defendant was liable to two penalties for the same act, one for exposing to sale and the other for selling. But one act is stated to have been proved on any Sunday, and that act in each case was a sale. There is no proof that any thing was exposed to sale that was not immediately and at the time of such exposure sold. The city judge, however, in effect instructed the jury that every such sale involved two acts, first an exposing, and second a sale, and rendered the defendant liable to both the penalties inflicted by both sections of the ordinance. In this he was clearly wrong. The law was aimed at different acts of a different character. Its object was to prevent a desecration of the Lord's day, and the design of its two sections was to punish this as well when done by opening a shop or a tavern and exposing wares for sale, without being able to induce any one to buy, as when perpetrated by the actual sales of property. One single act of selling cannot, however, be divided into two offenses. Every sale necessarily includes an offer of the goods sold, just as every crime includes the attempt to commit it. But the attempt, when successful,

is merged in the crime, and the exposing or offering is only a part of the sale when a sale is made.

These are the only questions presented by the bill of exceptions, and they are therefore the only questions which we can decide, or upon which we are called to express an opinion. For the erroneous ruling of the court below upon the point just considered, there must be a new trial ; and the judgment is accordingly reversed, and the cause remitted to the city court to that intent.

W. B. WRIGHT, J. I entirely concur in the reasoning and conclusion of my brother EMOTT. The judgment should be reversed and a new trial ordered, with costs to abide the event,

DAVIES, J. also concurred.

New trial granted.

[ORANGE GENERAL TERM, July 7, 1857. *Wm. B. Wright, Davies* and *Emott,* Justices.]