(19 Misc. Rep. 131.)

## PEOPLE v. PIAT.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

PENALTIES—CRIMINAL AND CIVIL LIABILITY—ELECTION OF REMEDIES.

An action by the people for the penalty imposed by Laws 1893, c. 338, § 37, providing that any person violating the provisions of section 22, which forbids the sale of impure or adulterated milk, shall forfeit $100 to the state, is barred by a previous conviction for the same act, under Laws 1894, c. 426, § 2, providing for fine and imprisonment for violation of said section 22.

Appeal from First district court.

Action by the people of the state of New York against William Piat to recover $100, penalty for violation of the agricultural law. From a judgment entered on a decision of the trial justice in favor of defendant, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

C. G. Macy, for the People.

J. R. Bowen, for respondent.

McADAM, J. The complaint charges that the defendant, at the city of New York, in violation of section 22 of chapter 338 of the Laws of 1893, entitled "An act in relation to agriculture, constituting articles one, two, three, four and five of chapter 33 of the General Laws," did sell or exchange, or offer or expose for sale, a quantity of impure and adulterated milk, and that he thereby forfeited to the plaintiffs the sum of $100, under section 37 of the act; and the action is to recover this penalty. The defense relied on was that the plaintiffs caused the defendant's arrest for the same identical offense that the prosecution, in one of the police courts of the city, terminated by the imposition of a fine of $75, or imprisonment in the city prison for a specified term, and that the defendant paid the fine, and thereby discharged whatever right of action the state in its sovereign capacity had. The facts alleged were admitted by the respective parties. The justice found for the defendant, and the plaintiffs appeal, claiming that the legal propositions were not properly decided.

The act giving the penalty sued for herein, and that under which the defendant was convicted, are independent statutes. The former is found in the Laws of 1893, supra, while the latter forms part of section 408a of the Penal Code, having been added thereto by chapter 692 of the Laws of 1893, amended by chapter 426 of the Laws of 1894. The defendant argues that as the penalties are contained in separate acts, and there being nothing to show that cumulative punishment was intended, the statutes are to be deemed as giving merely a right to the people to elect which mode of punishment they consider necessary for the protection of the public interests, and, as a consequence, the enforcement of the one precludes the enforcement of the other, particularly as the penalty recoverable in either case goes in the same channels. Section 9 of the act. The plaintiffs contend that a civil action to recover the penalty will lie after

criminal conviction, and that the enforcement of the one remedy does not preclude the enforcement of the other.

We cannot agree with the plaintiffs' contention. Aggregated penalties are not favored (Sturgis v. Spofford, 45 N. Y. 446; Fisher v. Railroad Co., 46 N. Y. 644; Bissell v. Railroad Co., 67 Barb. 385), unless the statute expressly allows a separate penalty "for each offense" (Drake v. Gilmore, 52 N. Y. 389); nor are cumulative punishments (People v. Liscomb, 60 N. Y. 559). In City of Brooklyn v. Toynbee, 31 Barb. 282, a case involving the violation of an ordinance by "offering for sale and selling" liquor on Sunday, the court held that the two acts of the defendant constituted one indivisible offense, and that the prisoner was liable to but one penalty. These citations, at least, show the general policy of the state in regard to penalties. In U. S. v. McKee, 4 Dill. 128, Fed. Cas. No. 15,688, the court held that a person cannot be twice punished for the same offense. It there appeared that the defendant had been indicted, convicted, and punished under section 5440 of the United States Revised Statutes, for conspiring with certain distillers to defraud the government by the unlawful removal of distilled spirits from their distilleries, without the payment of taxes. He was then sued civilly, under section 3296 of the Revised Statutes, to recover the penalty of double the amount of taxes of which the government had been defrauded by means of the said conspiracy, the two transactions being in effect the same; and it was held that the suit for the penalty was barred by the judgment in the criminal case. Cited with approval in Coffey v. U. S., 116 U. S., at page 445, 6 Sup. Ct. 441.

The plaintiffs cite Rollins v. Breed, 54 Hun, 485, 8 N. Y. Supp. 48, where an act was considered which forbade the catching of black bass during certain portions of the year (Laws 1887, c. 619), and provided that "any person violating the provisions of this section shall be guilty of a misdemeanor, and in addition thereto shall be liable to a penalty of $10 for each fish." The court, after reviewing U. S. v. McKee, supra, said:

"The McKee Case differs somewhat from the present case. There there were two separate statutes, each furnishing a complete remedy for the charge. The government chose to enforce one, and it might be well said that a conviction and punishment under that ended the rights of the government. Here there is but one statute, and the complete remedy contemplated by it includes the penalty as well as the punishment as for a misdemeanor."

In People v. Waterbury, 44 Hun, 493, the act provided that in case of violation, the offender should, "in addition to" the punishment therein prescribed, forfeit and pay a penalty of $100. The significant words "in addition," etc., contained in the act considered in the last-named and the Rollins Case, plainly indicating the legislative intent, are not in either act presented for our consideration here. Hence the statutes in question cannot receive the interpretation given by those decisions. On the contrary, the doctrine of the McKee Case must control. In Behan v. People, 17 N. Y. 516, it was held that where an act was criminal at common law, or al-

ready prohibited by a former statute, the imposition of a civil penalty would not take away the power to punish by indictment. While the two remedies may to this extent be independent, it does not follow that cumulative penalties or punishments must follow. The rule is that, no matter how many remedies the law affords for a single offense, there can be but one satisfaction.

The penalty recoverable by civil action is fixed at $100, while that imposed by the Penal Code for a violation of article 2 of the chapter (that portion of the agricultural act relating to impure milk, Laws 1893, c. 338, p. 660) is not less than $25, nor more than $200, or by imprisonment of not less than one month, nor more than six months, or by both such fine and imprisonment, for the first offense, and by six months for the second offense. It cannot be assumed without clear legislative intimation to that effect that it was intended by this penal statute that a person violating article 2 might be fined $200, and imprisoned for six months, and, after satisfying both requirements, should still be liable to a further penalty of $100 in a civil action for the same offense; yet all these punishments might result if the construction contended for by the appellants prevails. We find no authority for such a harsh construction of the law, and are unwilling to make a precedent for it. The state had a choice of two remedies. It elected and enforced the more severe, and the conviction and punishment thereunder preclude further pursuit. The provisions of section 1899 of the Code of Civil Procedure, that, "where the violation of a right admits of a civil and also of a criminal prosecution, the one is not merged in the other," in no manner affects the question. They are but a codification of preceding statutes (Laws 1801 [Greenleaf's Ed.] p. 264, c. 60, § 19; 2 Rev. St. [Ed. 1836] p. 220; Code Proc. § 7) enacting that persons aggrieved by any felony may maintain an action in like manner as if the act had not been committed feloniously, and in no case should the right of action be merged in the felony; the purpose being to change the rule prevailing at common law. Newton v. Porter, 5 Lans., at page 423.

The judgment must be affirmed, with costs. All concur.