### CITY OF NEW YORK v. MARCO et al.

(Supreme Court, Appellate Term. November 29, 1907.)

WEIGHTS AND MEASURES—FALSE WEIGHTS—ACTION FOR PENALTY—SUFFICIENCY OF EVIDENCE.

In an action by a city for the statutory penalty for giving short weight in selling coal, evidence *held* insufficient to sustain a recovery.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the city of New York against Benjamin B. Marco and another to recover a penalty. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

William C. Relyea, for appellants.

Francis K. Pendleton (Herman Stiefel, of counsel), for respondent.

PER CURIAM. We are of the opinion that the evidence is insufficient to justify the recovery of a penalty. The city inspector testified that he saw the coal weighed, and stated the process adopted, as well as the gross and net weights, although he was somewhat uncertain as to the precise conditions, attending the weighing. The official certificate of weight contains merely the statements: "Dealer's weight of coal, 4,000 lbs.," "Weighmaster's weight of coal, 3,900 lbs." The statute provides that:

"Every owner of such scales shall keep a book, in which shall be entered in ink a memorandum of every load of coal weighed at such scales, showing the name of the person, firm, or corporation delivering such coal, the net weight thereof as shown by the delivery ticket thereof of such person, firm, or corporation, the name of the purchaser thereof, the gross and net weight of the coal so weighed, and the date of weighing."

The statute evidently contemplates that the right to recover a penalty shall be based on the official record of weight. Although the weighmaster in this case kept a book the entries in which, we infer, conform to the statutory requirements. there appears in evidence a

mere duplicate certificate of net weight. The weighmaster's clerk was unable to testify to any fact, save that the net weight was 3,900 pounds. In view of the sharp conflict as to the real weight of the wagon and the net weight of the coal, as well as to weather and scale conditions prevailing at the time of the weighing, we do not feel justified in permitting the judgment, holding the defendant liable for a penalty, to stand, especially where, after allowing him a reduction of 60 pounds in which the statute permits for variation of scales, the discrepancy in weight is only 40 pounds, which might readily have resulted, under the circumstances disclosed, from defective scales or erroneous computation. The plaintiff should be required to present the record proof which the statute provides, or evidence equally satisfactory.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.