(58 Misc. Rep. 225.)

### CITY OF NEW YORK v. MARCO et al.

(Supreme Court, Appellate Term. March 5, 1908.)

1. MUNICIPAL CORPORATIONS—ORDINANCES—VALIDITY.

A city ordinance, passed pursuant to the authority of the Legislature, for the protection of the public by prohibiting shortage in weights and measures, has the force of law, and is as obligatory as if enacted by the Legislature.

2. SAME—POLICE POWER—POWER OF STATE.

New York City Ordinances, § 388, inhibiting the sale of coal at a greater weight or measure than the true measure thereof, does not conflict with Laws 1900, p. 713, c. 327, § 150, inhibiting the sale of coal by the ton at less than the rate of 2,000 pounds to the ton, but is in accord with the purpose of the statute to provide for the protection of the public.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1311–1313.]

3. SAME.

A municipality may be authorized to pass ordinances imposing new and superadded penalties for acts already penal by statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1311–1313.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the city of New York against Benjamin B. Marco and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

William C. Relyea, for appellants.

Francis K. Pendleton (Herman Stiefel and William J. Millard, of counsel), for respondent.

MacLEAN, J. At a prior term of this court in October, 1907, this cause, brought to recover a penalty for the delivery of an underweight of coal, was reversed and remanded, on the ground that the evidence was insufficient to justify the recovery of a penalty. 107 N. Y. Supp. 100. According to the record of the present appeal from the judgment for $10 and costs rendered in favor of the plaintiff upon the second trial:

"It is hereby stipulated that the record of the first trial shall constitute the record upon the second trial of this action, with the following exceptions: (1) The defendant waives each and every exception taken upon said trial, except as to the constitutionality, validity, and reasonableness of the ordinance in question. (2) It is admitted that the weighmaster kept a book, the entries in which conform to the statutory requirements. (3) The coal, when weighed on the official scales, was found to be 3,900 pounds. (4) It is hereby expressly stipulated and agreed by the parties hereto that the only question at issue in this action is as to the constitutionality, validity, and reasonableness of the ordinance upon which this action is based; all other questions, objections, and exceptions being hereby expressly waived."

In view of the evidence and the stipulation in the record, it is quite unnecessary to determine academically the validity or invalidity as a whole of the particular ordinances upon which this action is based, as the facts of the present case disclose neither inconsistency nor conflict with the statute with which it is claimed the ordinances conflict; the shortage in weight being now conceded to have been 100 pounds of coal in an attempted delivery of 4,000 pounds, an excess of 40 pounds of the amount of shortage allowed by the statute. Laws 1900, p. 713, c. 327, § 150, cited infra.

By section 17 of the Greater New York charter (Laws 1901, p. 8, c. 466), the legislative power of the city of New York is "vested

in one house, to be known and styled as 'the board of aldermen of the city of New York.'" Section 49 (page 27) of the charter provides:

"The board of aldermen shall have power to make, amend and repeal ordinances, rules, regulations and by-laws not inconsistent with this act, or with the Constitution and laws of the United States or of this state, for the following purposes: (1) In relation to the inspection and sealing of weights and measures, and the keeping in use of proper weights and measures by vendors. (2) In relation to the inspection, weighing and measuring of firewood, coal, hay and straw and the cartage of the same."

And section 44 (page 23) provides for the enforcement of its ordinances "by such fines, penalties, forfeitures and imprisonment as may by ordinance or by law be prescribed."

Section 388 of the Ordinances provides:

"No person shall sell or offer for sale in any market or in the public streets or in any other place in the city of New York any fruits, vegetables or berries in crates, baskets or other measures, or any butter in prints, or any ice or coal or other fuel at or for a greater weight or measure than the true measure thereof; and all ice, coal, coke, meats, poultry and provisions (except vegetables sold by the head or bunch) of every kind, sold in the streets or elsewhere in the city of New York, shall be weighed or measured by scales, measures or balances, or in measures duly tested and stamped by the inspector or deputy inspectors of weights and measures: Provided that poultry may be offered for sale and sold in other manner than by weight, but in all cases where the persons intending to purchase shall so desire and request poultry shall be weighed as hereinbefore provided."

And part 16 of the Ordinances provides:

"Whenever in the foregoing ordinances no specific penalty is provided for the violation of any such ordinance, the penalty for the violation thereof shall be the sum of ten dollars ($10)."

It is contended that these provisions are in conflict and are inconsistent with a state statute (Laws 1900, p. 713, c. 327, § 150), which provides as follows:

"Attempting to deliver or sell less than a legal ton. In all transactions relating to the sale or delivery of coal two thousand avoirdupois pounds in weight shall constitute a legal ton. A person, firm or corporation, in a city of the first or second class attempting to sell or deliver less than two thousand pounds by weight to a ton of coal, or a proper proportion thereof to quantities less than a ton, shall be liable to a penalty of not exceeding fifty dollars, provided that in all cases thirty pounds to a ton shall be allowed for the variation in scales and wastage."

"The purpose of the ordinance * * * is the protection of the public by seeing that the measure in weight and bulk by which sales and purchases are made corresponds with the standard" (People ex rel. Gould v. City of Rochester, 45 Hun, 102, 104, 105) —herein the true weight; and this ordinance, passed pursuant to the authority of the Legislature, has the force of law, and is obligatory as if enacted by the Legislature. City of Buffalo v. N. Y., L. E. & W. R. R. Co., 152 N. Y. 276, 280, 46 N. E. 496. That the ordinance in question superadded a penalty for acts penal by statute does not render the ordinance invalid, as "a municipal government may be authorized to pass ordinances imposing new and

superadded penalties for acts already penal by the laws of the state." City of Brooklyn v. Toynbee, 31 Barb. 282, 284. See, also, Rogers v. Jones, 1 Wend, 237, 261, 19 Am. Dec. 493.

The ordinance therein not appearing to be in conflict with a statute upon the same subject and in accord with the general purpose, and reasonably so, when, as here, the purpose is to provide for the protection of the public at large, both statute and ordinance must be sustained. City of Rochester v. West, 164 N. Y. 510, 514, 58 N. E. 673, 53 L. R. A. 548, 79 Am. St. Rep. 659. The judgment should therefore be affirmed.

Judgment affirmed, with costs.

GILDERSLEEVE, J., concurs.

BISCHOFF, J. (concurring.) The ordinance does not conflict with the statute. The obvious purpose of the first is to inhibit the sale of coal, without reference to measure, at more than its true weight; that of the statute to inhibit the sale of coal by the ton, or part of a ton, at less than the rate of 2,000 pounds to the ton, the standard measure. And, since the stipulation in the record waives any question of the sufficiency of the evidence to show the defendants' sale of the coal delivered above its true weight, the judgment for the plaintiff must be affirmed.

Judgment affirmed, with costs.