(78 Misc. Rep. 306.)

## PEOPLE v. LOOKSTEIN.

(Court of General Sessions of the Peace, New York County. November, 1912.)

1. MUNICIPAL CORPORATIONS (§ 630*) — ORDINANCES — VIOLATION — MISDEMEANOR.

Under Greater New York Charter (Laws 1901, c. 466), a violation of an ordinance of the city is not a misdemeanor, unless expressly so declared.

[Ed. Note.—For other cases, see Municipal Corporations, Cent Dig. § 1385; Dec. Dig. § 630.*]

2. MUNICIPAL CORPORATIONS (§ 631*)—ORDINANCES—EFFECT—VIOLATION.

New York City Ordinances, § 408, provides that no person shall cast in or upon any of the streets, avenues, or public places any bills, circulars, cards, or other advertising material. Held, that such section does not impose a penalty on the person who furnishes to another circulars for distribution.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1386–1388; Dec. Dig. § 631.*]

3. MUNICIPAL CORPORATIONS (§ 630*)—CITY ORDINANCES—VIOLATION—MISDEMEANOR—AIDING AND ABETTNG.

A violation of New York City Ordinances, § 408, prohibiting the distribution of advertising matter on any of the streets or public places of the city, is not a misdemeanor, and hence one cannot be lawfully convicted of aiding and abetting a violation thereof.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1385; Dec. Dig. § 630.*]

Appeal from City Magistrate's Court, Borough of Manhattan.

Max F. Lookstein was convicted of aiding and abetting the distribution of circulars on the streets of the city of New York in violation of an ordinance prohibiting the same, and he appeals. Reversed and dismissed.

Max Brown, of New York City, for appellant.

Robert C. Taylor, Asst. Dist. Atty., of New York City, for the People.

ROSALSKY, J. The defendant appeals from a judgment of conviction in the City Magistrates' Court, First Division, borough of Manhattan, upon a charge of aiding and abetting two boys in the distribution of circulars upon the streets of this city. The record of the proceedings before the magistrate shows that two boys were furnished by the defendant with circulars for the purpose of distribution upon the highways of the city, and that at the time they were engaged in throwing, casting and distributing the circulars the defendant was not present. The learned magistrate adjudged the defendant guilty of a violation of section 408 of the Code of Ordinances of the city of New York, and sentenced him to pay a fine of $10, which the defendant paid under protest.

Section 408, supra, provides as follows:

"No person shall throw, cast or distribute in or upon any of the streets, avenues or public places, or in front yards or stoops, any handbills, circulars, cards or other advertising matter whatsoever."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It will be observed that this ordinance does not impose a penalty upon a person who furnishes to another circulars for the purpose of distribution upon the streets. In other words, this ordinance relates only to the actual distribution, casting and throwing away of circulars upon the streets. If the board of aldermen had intended to impose a penalty upon the person who furnishes the circulars, it could have so enacted in express terms. The ordinance being silent on this subject, the learned magistrate seeks to sustain his conclusion as to the defendant's guilt upon the theory of aiding and abetting another in the commission of a crime. The question, therefore, to be determined upon this appeal is whether there is such an offense as aiding and abetting a person to commit a violation of a city ordinance.

Section 2 of the Penal Law (Consol. Laws 1909, c. 40), among other things, divides crimes into two divisions: Felonies and misdemeanors. This section defines a principal as "a person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, commands, induces or procures another to commit a crime." The provision in this section as to aiding and abetting another in the commission of an offense relates only to acts or omissions punishable as felonies or misdemeanors, under the provisions of the Penal Law, and to the violation of statutes which declare acts or omissions to be either felonies or misdemeanors. If the violation of the ordinance of which the defendant was convicted is a misdemeanor, then the conviction must stand; but, if it is not a misdemeanor, the conviction must be reversed.

Prior to the enactment of the Greater New York Charter (Laws 1901, c. 466), by section 85 of the Consolidation Act (Laws 1882, c. 410) as amended by chapter 233 of the Laws of 1895, all persons offending against any ordinance passed by the common council were deemed guilty of misdemeanor, and on conviction were punishable by a fine, or, in default of payment of such fine, by imprisonment not exceeding 10 days. Under sections 85 and 86 of the Consolidation Act, the acts forbidden by section 408 of the present Code of Ordinances of the city of New York constituted a misdemeanor. Upon the adoption of the Greater New York Charter the provision in the Consolidation Act (section 85), that violations of city ordinances should be misdemeanors was not incorporated, and section 44 of the charter provides that the ordinances should be enforced "by such fines, penalties, forfeitures and imprisonment as may by ordinance or by law be prescribed." Pursuant to section 44 of the charter, the board of aldermen in 1906 adopted a Code of Ordinances, and in part 16 of said Code declared as follows:

"Wherever in the foregoing ordinances no specific penalty is provided for the violation of any such ordinance, the penalty for the violation thereof shall be the sum of ten dollars."

[1] The question frequently arises whether every violation of an ordinance is a misdemeanor. After a careful examination of this sub-

ject, I have reached the conclusion that not every violation of a city ordinance is a misdemeanor unless its violation is expressly declared to be such. Under the present charter, it is specially provided that violations of certain ordinances and regulations shall be misdemeanors. The sections and their sources in the Consolidation Act are as follows: Park Ordinances Charter, § 610, Consolidation Act, § 676; Fire Regulations Charter, § 773, Consolidation Act, § 465 (in part); Dock Regulations Charter, § 827, Consolidation Act, § 717; Sanitary Code, § 1172, Consolidation Act, § 575; Sanitary Code, § 1222, Consolidation Act, § 543.

By section 95 of the Inferior Courts Act (Laws of 1910, chap. 659), a person found guilty of a violation of the Sanitary Code, or any sanitary regulation, ordinance, or order of said Code, shall be punished in the same manner as is provided for the punishment of a person found guilty of misdemeanor. With respect to park ordinances the charter (section 610) expressly makes the violation a misdemeanor, whereas under the Consolidation Act it was not a misdemeanor. Thus it will be observed that the charter is precise in making certain violations misdemeanors.

[2, 3] In view of the fact that the present ordinance does not declare its violation a misdemeanor, and of the further significant fact that whenever a violation of the law is declared a misdemeanor in the charter, it is expressly mentioned as a misdemeanor, the conclusion follows that a violation of section 408 of the ordinances of the city is not a misdemeanor, and therefore the conviction of the defendant as aiding and abetting in the violation of the said section is without authority in law.

The decision of this appeal is in accord with the views expressed in the brief of the learned assistant district attorney, to whom I am indebted for making a careful and exhaustive research of the law affecting this case.

The judgment of conviction should be reversed, and, as the defendant cannot be successfully prosecuted, the charge against him is dismissed.

Judgment reversed, and charge dismissed.