THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ERNEST E. FENTON, Appellant.

County Court, Cattaraugus County, January 27, 1932.

*Nevins & Nevins,* for the appellant.

*A. Edward Krieger, District Attorney* [*W. W. Waring* of counsel], for the respondent.

BLACK J. The above-named defendant appealed to the County Court from two convictions of the Police Court of the village of Franklinville, the first of July 1, 1931, and the second of September 1, 1931. The ordinance under which the defendant was convicted is article 6, section 1, of the village ordinances, which provides as follows: " The manufacture, sale, furnishing or transportation of any intoxicating liquors within this village of Franklin-

ville is prohibited." The penalty for violation of this ordinance is provided in section 2, as follows: " Any person violating any of the provisions of this article shall incur and forfeit the penalty of one hundred dollars; and in addition thereto, any violation shall constitute disorderly conduct, and any person violating the same shall be a disorderly person." Several questions are set forth in the appeals as grounds for reversals, but only four are urged in defendant's memorandum filed on the argument of the appeals, viz.: *First*, that the ordinance of the village of Franklinville under which the defendant was prosecuted is absolutely void. *Second*, assuming it to be valid, then the defendant would be entitled to a trial by jury, which was denied by the police justice. *Third*, that there was not sufficient evidence produced upon the trial to convict the defendant of the offense charged. *Fourth*, the police justice of the village of Franklinville was deprived of jurisdiction by reason of a certificate of this court removing the case to the County Court. The vacating of the certificate thereafter by this court did not replace jurisdiction in the police justice.

I think that the village board had the authority to enact this ordinance under section 89, subdivision 59, and section 90 of the Village Law, and that they followed the provisions of the Village Law as to the manner of collecting the penalty for the violation of the ordinance. The police justice, as such, has exclusive jurisdiction to try cases for violation of village ordinances (Village Law, §§ 180, 182). Section 338 of the Village Law provides for the procedure upon the arrest of a disorderly person, and provides that, " On conviction the magistrate shall impose the penalty prescribed by the ordinance, and may also require the defendant to pay the costs of the proceeding. Unless the penalty and the costs, if imposed, be paid upon conviction, the magistrate shall commit the defendant to the county jail of a county in which any part of the village is situated for a term not exceeding one day for each dollar of the penalty imposed." That was the exact procedure that was followed in both of these cases.

Upon the question of the right of defendant to a jury trial for violation of an ordinance, I think the law is well settled upon the authority as pointed out in complainant's brief, that the defendant is not as a matter of constitutional right entitled to such a jury trial. This question has been previously gone into by this court in a case arising in the village of Cattaraugus and decided there that the defendant was not entitled to a jury trial. I find no authorities to change this view.

The defendant attacks the ordinance upon the grounds that it is void under the provisions of the United States Constitution

because it prohibits all manufacture, sale, furnishing or transportation of intoxicating liquors, and does not use the word *illegal*, or *unlawful*, in the ordinance and, therefore, is trying to prohibit a business which might be legitimate. The defendant argues: " Drug stores have a perfect right to sell intoxicating liquors on a doctor's prescription throughout the state of New York; a distillery may be established for the manufacture of intoxicating liquors and may operate legally under permit from the government of the United States; sacramental wines may be transported and legally used in religious services."

While it is true that intoxicating liquors may be possessed or transported or manufactured under such permits and conditions as to be legal, yet it does not appear, nor is it claimed, that the defendant comes within one of the legal classifications. The Constitution of the United States, in the Eighteenth Amendment, prohibits the sale, manufacture and transportation of intoxicating liquors for beverage purposes and certain laws of the United States have been enacted to enforce this provision. Prosecution under this United States law does not require proof against a defendant that he had no permit to legally possess, sell or transport liquor. He might properly interpose such fact as a defense, if it existed.

" It is firmly settled that a party will not be heard by a court to question the validity of a law, or any part thereof, unless he causes it to appear that a right of his is infringed." ( *People ex rel. Doscher* v. *Sisson,* 222 N. Y. 387, 396, with cases cited.)

In the case of *Plymouth Coal Company* v. *Pennsylvania* (232 U. S. 531) the United States Supreme Court, in an opinion written by Mr. Justice PITNEY, says: " We may once more repeat, what has been so often said, that one who would strike down a State statute as violative of the Federal Constitution must show that he is within the class with respect to whom the act is unconstitutional, and must show that the alleged unconstitutional feature injures him, and so operates as to deprive him of rights protected by the Federal Constitution."

While the act complained of is not a violation of an act passed by the Legislature, it is in effect that. The State Legislature has delegated its powers to the village to enact certain laws or ordinances, which delegated authority the village has acted upon. I think this ordinance is well within the purport of subdivision 59 of section 89 of the Village Law. The first subdivision gives the board of trustees power to enact " Any ordinance not inconsistent with existing law which shall be expedient or desirable for the good government of the village * * * the protection of its property, safety and health of its inhabitants, * * *, the preservation of

peace and good order, the suppression of vice, * * *, the preservation of public health," etc. Section 90 provides: " The board of trustees shall have power to enact, amend and repeal ordinances not inconsistent with existing law, for the government of the village, the management of its business, the preservation of good order, peace, health, safety and welfare of its inhabitants and the protection and security of their property whether such authority is specifically granted by this chapter or other law or necessarily implied therefrom."

The claim of the defendant is that the latter part of the ordinance declaring the prohibited act to be a misdemeanor is invalid as the same act is prohibited by section 1530 of the Penal Law, which the courts have construed to the effect that the sale of intoxicating liquors by a person *in any place* makes a place a public nuisance and the offense is indictable under the provisions of that section. I do not understand that it has been held under section 1530 that the sale of intoxicating liquors by a person *in any place* makes the place a public nuisance and the person guilty of maintaining a nuisance. The courts have construed this section as meaning that if it be shown that a person is *maintaining a place* where intoxicating liquors are sold it is a violation of this section and that the defendant would be guilty of *maintaining* a nuisance under the section. This implies continuous acts.

The conviction here is not founded on the sale of liquor alone, but upon the theory that the defendant is maintaining a place for the sale of intoxicating liquors in violation of the United States laws, and thus is maintaining a place which is a public nuisance because it tends to bring all law into disrepute. The words, " maintaining a place " carry a different meaning from merely offering for sale intoxicating liquors. There must be sufficient proof that the man is engaged in that place in the business of trafficking in intoxicating liquors in violation of the Federal law. The ordinance which is forbidden enactment under the Village Law is one that is inconsistent with existing law. I do not see where this ordinance is inconsistent with any existing law. The village board would have the right to enact this ordinance purely as a health measure, if nothing else.

It appears that in the first case tried the ordinance in question was not introduced in evidence. There was no proof in the case that any such ordinance was in existence. The proof of the ordinance was an essential part of the complainant's case. While it is true that our appellate courts have held that the court can review on appeal only questions that were raised in the allowance of the appeal, yet section 764 of the Code of Criminal Procedure, relating to appeals to County Courts from Courts of Special Sessions,

gives the County Court power to decide the appeals without regard to technical questions, and in such manner as to render substantial justice between the parties. Upon the grounds, therefore, that the complainant has failed to establish a case in the first conviction by not proving the ordinance, I have decided to reverse the conviction in that case. This also disposes of the question raised in point 4 of appellant's brief which applied only to the first conviction.

I believe, however, that the ordinance is a proper and valid one and should be maintained and upheld; therefore, the conviction in the second case is affirmed.

Orders may be prepared and presented accordingly.