In the Matter of MARIE NOVI, Petitioner, against PAUL MOSS, as Commissioner of Licenses of the City of New York, Respondent.

Supreme Court, Special Term, Kings County, April 23, 1945.

*William B. Gewanter* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein* and *Sol Cooperman* of counsel), for respondent.

MacCrate, J. Application granted. The petitioner is the owner of the premises where her husband with another conducted a junk shop. Neither she nor her husband has ever, so far as the papers here show, been convicted of a crime or even a violation of a city ordinance. He had a partner who did not apply for a junk dealer's license while the partnership existed. The husband did have a license. A dispute arose in the partnership and both were appointed receivers of the partnership property. The other partner violated the law while acting as a receiver and was convicted. There is no contention the husband had anything to do with such violation. Thereupon investigation disclosed that there had been no license issued to that partner to deal as a junkman, and the husband had not disclosed the existence of the partnership. The license of the husband was revoked. He applied for a new license. The application was denied. Now the wife has applied. Under our law a wife has a right to own property and engage in business.

This woman has been informed that she cannot use her property for a junk shop. If her husband had been convicted of a felony and sent to Sing Sing, we know of no law that would prohibit her after his release from employing him or having his assistance in a lawful business. The penalty provided by law for failing to procure a license is a fine of $200 or sixty days in jail or both. (Administrative Code of City of New York, § B32-124.0; L. 1937, ch. 929.) The violation is not declared to be a misdemeanor. (Cf. *People* v. *Lockstein*, 78 Misc. 306.) A suit for the penalty could be compromised. (Administrative Code of City of New York, § 394c-1.0.) This husband had a license. For years he conducted the junk business. No charges have ever, according to these papers, been lodged against him for his conduct of that business. No one wants bad men in the junk business. But it does seem that a decent regard for the lawful rights of a good woman prohibits the denial to her of a license because she may want to employ or to be assisted by her husband, who has no criminal record No ordinance or statute prohibits such employment. (Cf. *Matter of Gardners Bowling Centre* v. *Moss*, 269 App. Div. 709.) Before Eve was driven from the garden she was given an opportunity to obey the divine command. This applicant on these papers has done nothing which should deny her the opportunity to obey statutory law in a junk shop.