THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY GAROFOLA, Relator, against WARDEN OF RIKERS ISLAND, Defendant.

Supreme Court, Special Term, Bronx County, April 12, 1946.

*Benjamin H. Schor* for relator.

*John J. Bennett, Corporation Counsel* (*Charles C. Weinstein* of counsel), and *Samuel J. Foley, District Attorney* (*Herman J. Fliederblum* and *John B. Lee* of counsel), for defendant.

*Franklyn M. Stone* and *Kenneth V. Fisher* for Office of Price Administration, *amicus curiæ*.

SHIENTAG, J. The relator was convicted by a City Magistrate of three violations of section U41–4.0 of the Administrative Code of the City of New York (the Sharkey Law). On each conviction he was fined $50 or, in default of payment, imprisonment not to exceed five days in the city prison. On one conviction he also received a prison sentence of five days. The penalty provided in the Administrative Code for a violation, such as was here charged, is a fine not exceeding $100, or imprisonment for a term not to exceed thirty days, or both.

In this habeas corpus proceeding the relator contends that his imprisonment is illegal because the Magistrate who tried

and convicted him was without jurisdiction. He contends that a city magistrate has no power to try a defendant for a violation of this section of the Administrative Code; that only the Court of Special Sessions or a magistrate sitting as such court, has jurisdiction in a situation such as is here presented. The relator's contentions are supported by two recent decisions at Special Term, one in New York County in *People ex rel. Gross* v. *Adams* (N. Y. L. J., Mar. 22, 1946, p. 1129, col. 7 ) and the other in Kings County, *Matter of Brownstein* v. *War Emergency Court* (N. Y. L. J., Apr. 6, 1946, p. 1367, col. 4).

I have great respect for the opinions of my learned colleagues but the question presented is of such far-reaching importance that I considered it my duty to make an independent study of the law involved and regret that I cannot agree with their conclusions.

The violations for which the relator was convicted are not declared to be a misdemeanor and there is nothing in the punishment provided for that violation to indicate that it was intended so to be. An examination of the Administrative Code of the City of New York shows that violations of many of its provisions are specifically declared to be misdemeanors so that where the intent was to make any violation a misdemeanor appropriate language to indicate that intention was employed.

In the index to the Administrative Code there appears the heading " Misdemeanors ". An examination of each of the sections referred to under that heading shows that in every such instance the violation is specifically declared to be a misdemeanor. In respect of many other violations of the Administrative Code, as in the instant case, the violation is not declared to be a misdemeanor; it is simply declared to be punishable by a specified term of imprisonment, or by fine, or by both. There are instances where no penalty for violation is imposed. Section 29 of the Penal Law declares that in such cases the violation constitutes a misdemeanor. Section 1937 of the Penal Law provides that a person convicted of a crime declared to be a misdemeanor for which no other punishment is specially prescribed by law is punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than $500, or by both.

The infraction of law covered by the section of the Administrative Code here involved is in the nature of an offense rather than a crime. As has been stated it has not been

declared a misdemeanor and the punishment provided therefor in no way indicates that a violation of the section was intended to be a misdemeanor; in fact the intention is clearly to the contrary. In *People* v. *Lookstein* (78 Misc. 306) it was held that a violation of the Code of Ordinances of the City of New York was not a misdemeanor unless declared so to be. In *People ex rel. Burke* v. *Fox* (205 N. Y. 490, 494) the court pointed out that there were many minor offenses, colloquially classified as crimes, which were merely violations of police regulations and which " have from time immemorial been the subject of summary disposition in magistrates' tribunals."

It is urged, however, that even if the violation of law here involved is not a misdemeanor but a minor offense, a city magistrate is nevertheless without jurisdiction to dispose of the violation summarily; that only the Court of Special Sessions, or a magistrate sitting as such court, has jurisdiction to try the offender.

Section 74 of the Code of Criminal Procedure provides that police justices have such jurisdiction *and such only* as is specially conferred upon them by statute. The courts held by police justices are called " Police Courts ". Section 102 of the New York City Criminal Courts Act (L. 1910, ch. 659) provides that the City Magistrates' Courts are " Police Courts " within the meaning of the provisions of the Code of Criminal Procedure and the Penal Law. It is contended, therefore, that since no statute specifically confers upon city magistrates the power summarily to dispose of the violations in question, they have no such jurisdiction, and that violations of those sections may only be tried and finally disposed by a Court of Special Sessions or by a city magistrate sitting as such a court.

I cannot subscribe to this view. City magistrates are not limited to the jurisdiction possessed by police justices. Section 102 of the New York City Criminal Courts Act which provides that City Magistrates' Courts are " Police Courts " does not state that they shall have *only* such powers as are possessed by police justices. If the Legislature had intended to limit the powers of city magistrates in that manner, it would have used appropriate language to indicate such intention just as it did with respect to the powers of police justices in other parts of the State. (See Cobb on Inferior Criminal Courts Act, p. 116 *et seq.*)

Courts of Special Sessions and magistrates sitting as such have no jurisdiction to try a defendant for any violation of law unless it be a misdemeanor (N. Y. Const., art. VI, § 18;

N. Y. City Crim. Cts. Act, § 31). Thus section 130 of the New York City Criminal Courts Act provides that a Court of Special Sessions may be held in the city of New York by any one city magistrate where the offense charged is a misdemeanor. (See, also, N. Y. City Crim. Cts. Act, § 141.)

In *People* v. *Lewis* (295 N. Y. 42) Local Law No. 35 for the year 1945, which is a statute along lines similar to that involved in this proceeding, was held to be constitutional. While the Court of Appeals did not rule on the point, the Appellate Part of the Court of Special Sessions specifically held that a violation of the section involved did not constitute a misdemeanor (*People* v. *Lewis*, 186 Misc. 921).

Accordingly, the violation in question not being a misdemeanor, but simply in the nature of an offense, neither the Court of Special Sessions, nor a city magistrate sitting as such, has jurisdiction to try a defendant therefor; the Magistrate who tried the relator in the instant case had jurisdiction summarily to dispose of the charges. The writ of habeas corpus is therefore dismissed and the relator remanded to serve the sentence imposed upon him.