THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY S. TRAVIS, on Behalf of JOHN VRABLIC, Relator, against ARLINGTON THATCHER, as Sheriff of Broome County, Defendant.

County Court, Broome County, October 3, 1947.

*Travis & Cohn* for relator.

*Robert O. Brink, District Attorney (Samuel Bernstein* of counsel), for defendant.

McAvoy, J.   The defendant on this writ of habeas corpus contests his detention in the Broome County jail under a sentence of the Police Justice of the Village of Johnson City, New York, on his conviction for a violation of section 15 of the Village Ordinances.

Section 15 of such Ordinances provides as follows:

" *Intoxication in Public Places* — No person shall be intoxicated on any public street, avenue, alley or lane, or in any public place in the Village of Johnson City.

" Any person violating this section shall pay a penalty of not to exceed Ten Dollars or be imprisoned for not to exceed six months or both such fine and imprisonment for each offense. Any violation of this section shall constitute disorderly conduct and any person violating the same shall be a disorderly person."

The defendant contests the validity of this ordinance upon the ground that a State statute, namely, section 1221 of the Penal Law, already prohibits " Intoxication in a public place " and therefore any attempt of a municipality to enact an ordinance covering the same subject is illegal and void.

Subdivision 59 of section 89 of the Village Law authorizes a village to enact ordinances, not inconsistent with existing law which shall be deemed expedient and desirable for the good government of the village and the preservation of peace and good order.

Where such power has been granted to a municipality the weight of judicial authority is to the effect that it may enact and enforce regulations penal in their nature in aid of, or not in conflict with, the penal laws of the State.   And in most jurisdictions, including our own, it is generally held that municipal corporations may prohibit and punish acts which are also prohibited and punishable under the general laws of the State. (See *People* v. *Lewis,* 186 Misc. 921, 927, affd. 295 N. Y. 42, 50; *Rogers* v. *Jones,* 1 Wend. 237; *Wood* v. *City of Brooklyn,* 14 Barb. 425; *City of Brooklyn* v. *Toynbee,* 31 Barb. 282; *City of*

*New York* v. *Marco,* 58 Misc. 225; *People* v. *Stewart,* 183 Misc. 212; *People* v. *Fenton,* 144 Misc. 710; McQuillin on Municipal Corporations [2d ed. Rev.], § 924; 37 Am. Jur., Municipal Corporations, § 166, pp. 791–793; 1 Cooley on Constitutional Limitations [8th ed.], p. 414; 43 C. J., Municipal Corporations, § 223.)

The case of *People* v. *President & Trustees of Village of Ossining* (238 App. Div. 684, affd. 264 N. Y. 574) relied upon by the defendant is distinguishable. There the court pointed out at page 687 that " Section 281 of the Highway Law   *   *   * provided that ' except as hereby otherwise expressly provided ' *the Highway Law shall be exclusively controlling,* and section 10 of the Vehicle and Traffic Law provided that, ' except as otherwise expressly provided in this chapter, *this article shall be exclusively controlling.*' " (Italics mine.)

MARTIN, J., writing for the Appellate Division, said at page 688: " The necessity for a uniform law throughout the State became apparent   *   *   *. Because of well-known abuses   *   *   *   the very purpose of the enactments was to give a new, complete and general law to take the place of all previous statutes, ordinances or rules regulating the use of motor vehicles upon the streets and highways of this State."

In the *Ossining* case (*supra*) it is apparent that the State statute there involved was made " exclusively controlling ". In the present case the ordinance does not run counter to the State statute and there is no express inhibition in such statute against it.

Therefore I am of the opinion, under the authorities herein above cited, that the village had the authority to enact the ordinance in question and that defendant's conviction thereunder was proper.

The writit is accordingly dismissed.