Abraham N. Geller, J.
A defendant charged in the Criminal Court of the City of New York with violations of section C19161.0 of the Administrative Code of the City of New York for failure to comply with orders issued by the Fire Commissioner directing the installation of an automatic sprinkler system in two factory buildings, has moved pursuant to section 32 of the New York City Criminal Court Act for a certification that it is reasonable that the crime charged be prosecuted by indictment, which carries with it the right to a jury trial.
The jurisdiction of the Criminal Court extends to misdemeanors, except charges of libel, and offenses of a grade less than misdemeanor (§ 31). However, the relief available under section 32 is clearly indicated both in its caption heading and in the body thereof as limited to charges of misdemeanor. Accordingly, a Justice of the Supreme Court has no jurisdiction to divest the Criminal Court of its jurisdiction where the defendant is charged in that court with the commission of an offense.
Some analysis is required to arrive at the conclusion that the violation here charged is an offense and not a misdemeanor.
This violation is not declared to be a misdemeanor. An examination of the Administrative Code indicates that violations of many of its provisions are expressly declared to be misdemeanors. It is apparent that where it was intended to make a violation a misdemeanor, it was generally declared to be such. This violation is simply stated to be punishable by imprisonment not exceeding six months or a fine of not more than $500 or both. Misdemeanors, for which no other punishment is specifically prescribed, are punishable by imprisonment for not more than one-year or a fine of not more than $500; or both' (Penal Lay/, § 1937); •' It is obvious,- then, that the violation here, involved' is" not a misdemeanor but an offense of a grade less than a'misdemeanor (People ex rel. Gross v. Adams, 270 App. Div. 607 ; People ex. rel. Garofola v. Warden, 186 Misc. 992; People v. Lookstein, 78 Misc. 306).
*1002 Since the violation here charged is not a misdemeanor, this court is not vested with the authority or discretion to grant the relief requested (People v. Schacher, 181 Misc. 760).
However, even assuming the existence of the requisite authority, such an application is addressed to the sound discretion of a Justice of the Supreme Court and requires him to certify that it is “ reasonable ” that the particular charge of misdemeanor be prosecuted by indictment. The application should be granted only when the “ exigencies of the case ” are such that a defendant is fairly entitled to this exceptional relief (People v. Barry, 16 App. Div. 462). The issues here involved are of a type regularly tried in the Criminal Court and no reason is shown for deviating from the rule. The applications are denied.