In the Matter of ALLEN BREWER, Petitioner, against CHARLES E. WATSON, Individually and as Police Judge of the Village of Johnson City, Respondent.

Supreme Court, Special Term, Broome County, December 30, 1947.

*Harry S. Travis* for petitioner.

*Richard F. Rath* for respondent.

SANTRY, J.  This is an application under article 78 of the Civil Practice Act for an order in the nature of a prohibition restraining the respondent, as Police Justice of the Village of Johnson City, New York, from further proceedings in two criminal actions now pending before him in which the petitioner is defendant, charged with violation of two ordinances of said village, one relating to resisting an officer, and another relating to disorderly conduct.

The petitioner claims that the Police Justice is without jurisdiction to try these actions for the reason that the ordinances in question are illegal and void.

The act prohibited by these ordinances are likewise prohibited by the provisions of the Penal Law.  Section 1851 of the Penal Law makes a person resisting an officer guilty of a misdemeanor without specifying the punishment for the crime.  The comparable ordinance of the Village of Johnson City makes a person resisting an officer a disorderly person, punishable by a penalty not exceeding $50.

Section 722 of the Penal Law makes a person guilty of the offense of disorderly conduct who commits certain acts specifically enumerated therein, with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned. Section 723 of the Penal Law provides that the offense of disorderly conduct is punishable as follows:

" 1. By imprisonment in a county jail or workhouse for a term not exceeding six months, or by a fine not exceeding fifty dollars, or by both;

" 2. By placing on probation for a term not to exceed two years."

The comparable ordinance of the Village of Johnson City makes a person guilty of the same conduct a disorderly person, punishable by a penalty of not to exceed $50 for each violation.

The petitioner claims that as the same acts are prohibited by the Penal Law as by the ordinances, the provisions of the Penal Law are exclusive, and the village is without authority to legislate by ordinance with reference to such acts.

The petitioner also claims the ordinances are unconstitutional in that they deprive him of the right to trial by jury and the right to apply for removal to a court of record for prosecution by indictment under section 57 of the Code of Criminal Procedure.

The petitioner is not entitled to have the questions raised in his petition determined under article 78 of the Civil Practice Act. Section 1285 of the Civil Practice Act provides: " Except as otherwise expressly prescribed by statute, the procedure under this article shall not be available to review a determination in any of the following cases:  *  *  * 2. Where it was made in a criminal matter, except a criminal contempt of court  *  * *. 4. Where it can be adequately reviewed by an appeal to a court or to some other body or officer."

Here the petitioner on the trial before the Police Justice can interpose all of the objections and raise all of the questions set forth in his petition, and if he is overruled and a conviction follows, he can have them reviewed on appeal to the County Court.

" The writ of prohibition is an extraordinary remedy and should be issued only in cases of unusual necessity. Without attempting generally to define the cases wherein it may or may not be granted, it is certainly well within the authorities and principles of a wise judicial policy to state that it will not be allowed in a case like this to guard against a future apprehended error by an inferior tribunal, when, as matter of fact, such tribunal upon due objection may not commit such error, and when if it does commit it the aggrieved party may be fully and adequately protected by ordinary process of appeal from or review of its action. We shall sufficiently indicate the reasons for reversing relator's method of procedure in this instance if we point out how he might have asserted his rights before the justice and by appeal might have corrected the latter's action if he erroneously overruled those rights." (*People ex rel. Ballin* v. *Smith,* 184 N. Y. 96, 98. See, also, *People ex rel. Hummel* v. *Trial Term,* 184 N. Y. 30; *People ex rel. United Building M. Co.* v. *Special Term,* 145 App. Div. 530.)

The petitioner clearly has an adequate remedy by appeal.

Even if this proceeding under article 78 were the proper method by which to seek the relief demanded, still the application would have to be denied on the merits.

Under subdivision 59 of section 89 of the Village Law, a village may adopt ordinances not inconsistent with existing law which shall be deemed expedient or desirable for the good government of the village, the protection of property, safety and health of its inhabitants, and the preservation of peace and good order.

The weight of authority sustains the right of a village under this statute to enact ordinances which prohibit and punish acts that are also prohibited and punished by the general law of the State, except in those cases like the Vehicle and Traffic Law, where the Legislature has expressly provided that the State law shall be exclusively controlling. (See *People ex rel. Travis* v. *Thatcher,* 190 Misc. 494, and cases cited.)

The petitioner's contention that his constitutional rights are invaded because he does not have the right to trial by jury and does not have a right to apply for permission to have the charges prosecuted by indictment, is untenable.

The right to trial by jury and the right to prosecution by indictment are guaranteed only to those charged with offenses of a certain grade. Lesser offenses carrying lesser punishment do not carry such guarantee, and may be tried summarily without a jury and without indictment. Here the petitioner is charged with minor offenses, the punishment for which is a penalty not exceeding $50. He is not required to meet a charge of the grade of a misdemeanor, and cannot complain if the procedure provided by law for the trial of the lesser offense does not give him all of the rights and privileges that would be allowed him if he were charged with a more serious offense. The character of the offense is determined by the nature of the punishment (*People* v. *Kaminsky,* 208 N. Y. 389).

The village might have made the violation of these ordinances misdemeanors. If it had the petitioner would be entitled to the benefit of all the provisions prescribed by law for the trial of misdemeanors. It elected, however, to make the violations disorderly conduct and limit the punishment to a penalty.

All a person charged with violation of these ordinances can demand is that he be tried under the procedure provided by law for the trial of charges involving disorderly conduct, because he is charged with nothing else. To argue that if he had been charged with resisting an officer under section 1851 of the Penal Law he would be entitled to a jury trial and the right to apply

for prosecution by indictment, and therefore, when charged with resisting an officer under the ordinance he should be entitled to the same rights, is beside the point.

The answer is that he is not charged with a violation of the Penal Law, which would be a misdemeanor punishable with imprisonment for not more than one year or a fine of not more than $500, or both. He is charged with being a disorderly person under an ordinance which makes the offense punishable only by a penalty of not to exceed $50. The nature of the punishment determines the character of the offense, and the character of the offense determines the method of trial.

The application is denied, with $10 costs.