In the Matter of JOSEPH SONNENSHEIN, Petitioner, *v.* CITY COURT OF YONKERS et al., Respondents.

Supreme Court, Westchester County, May 9, 1962.

*McGoey & Martirano* for petitioner. *John F. Trainor, Corporation Counsel (Nazareth Magerian* of counsel), for respondents.

HUGH S. COYLE, J. Petitioner has moved this court by order to show cause why an order of restraint and/or prohibition should not be made directing the City Court of the City of Yonkers, the various Judges therein individually, and the People of the City of Yonkers, to desist and refrain from any further proceedings and/or prosecution of the petitioner under the summons and complaint served upon petitioner and described in this petition and further why section 1 of article II of the General Ordinance No. 16–1951, as amended, of the General Ordinances of the City of Yonkers, should not be declared unconstitutional and therefore null and void by reason of the fact that it is in violation of the articles and sections of the Constitution of the State of New York and further in violation of the articles, sections and amendments of the Constitution of the United States.

The petitioner herein is a resident of the City of Yonkers, employed by Bronxville Omnibus Corp., a domestic corporation doing business under the trade name and style of Brettel Taxi Co., which said corporation maintains an office and place of business in the Village of Bronxville, Town of Eastchester, N. Y., and is engaged in the taxicab business not only in Bronxville, but in Yonkers as well. In 1951 the City Council of the City of Yonkers enacted General Ordinance No. 16–1951, an ordinance which provides for the licensing and regulation of taxicabs used

for the conveyance of passengers and baggage and for the licensing of taxicab drivers within the City of Yonkers.

Although the application herein is made by Joseph Sonnenshein, the driver of the taxicab in question and an employee of the owner, it would appear to this court that the owner is in this proceeding attempting to interject itself into the case when in fact it is not a party. The entire petition deals with the rights and obligations of the owner. It is also interesting to note that nowhere in the papers submitted hereon does the petitioner state the requirements for a license, the cost of same or the fact that he did or did not apply for same. This applies as well to the owner, as to the petitioner. However, this court, upon a review of the case law applicable to the remedy of prohibition does not find that it should take jurisdiction of the matter. A writ of prohibition is an extraordinary remedy for the unusual case, resorted to, not to correct errors, but in aid of substantial justice and to forbid the exercise of unauthorized power. (*City of New York* v. *Maltbie,* 248 App. Div. 36, affd. 274 N. Y. 464; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *People ex rel. Childs* v. *Extraordinary Trial Term of Supreme Ct.,* 228 N. Y. 463.)

The petitioner, upon the trial before the City Court of the City of Yonkers can interpose all of the objections and raise all of the questions set forth in his petition, and if he is overruled and a conviction follows, he can have them reviewed on appeal. No error has been committed by the City Court which is sought to be reviewed or restrained, and if it does, petitioner will be fully and adequately protected by ordinary process of appeal. (*Matter of Brewer* v. *Watson,* 191 Misc. 117; *People ex rel. Ballin* v. *Smith,* 184 N. Y. 96.)

The remedy sought by petitioner is not favored by the courts and is very seldom granted and when it is granted it is done in the discretion of the court and for such unusual and extraordinary circumstances which warrant it and which clearly indicate the exercise of unauthorized power, all of which is not evident in the facts presented by the petitioner.

Under the circumstances it is the decision of this court that the petitioners request is in all respects denied and the petition dismissed.