■ MICHAEL W. ROCHE, Respondent, v. FRANK T. LAMB et al., as Members of the Common Council of the City of Rochester, Appellants, and STEPHEN MAY et al., as Members of the Common Council of the City of Rochester, et al., Respondents.— Appeal unanimously dismissed as moot, without costs. Memorandum: The judgment appealed from prohibited the 1969 Council of the City of Rochester from conducting a hearing concerning the qualification of Councilman-elect Michael W. Roche to serve on the City Council to be organized on January 2, 1970, and also directed the City Clerk to accept Mr. Roche's oath of office as Councilman when offered to him for filing. The provisions of section 5-5 of the City Charter, that on the first business day of January following a municipal election the council shall organize and elect a Mayor, Vice Mayor, City Clerk, etc., show that the council is not a continuing body (cf. *People ex rel. Lazarus* v. *Coleman*, 99 App. Div. 88, 90). The City Council for the term ending December 31, 1969 ceased to exist at midnight on that date. That council could not now, of course, be reconvened to conduct the proposed hearing. In any event, the respondents acknowledge that the judgment prohibiting the conduct of such hearing does not extend to the present council and the incoming council has authority to rule upon the qualification of a member-elect for the term beginning January 1, 1970. Indeed, it has been respondent's contention that the new council, as opposed to the old one, has exclusive authority to make such ruling, and with that we agree (see 3 McQuillin, Municipal Corporations, [3d ed., rev.], § 12.93, p. 406; 37 Am. Jur., Municipal Corporations, § 47). Despite a resolution of the 1969 City Council directing that the City Clerk refuse to accept the oath of office from Mr. Roche when offered, until the City Council had determined his qualifications to sit, on January 2, 1970, the City Clerk obeyed the judgment appealed from and accepted Mr. Roche's oath of office. Since no controversy remains with respect to said judgment, the appeal should be dismissed as moot (see 10 Carmody-Wait 2d, New York Practice, §§ 70:262, 70:297). (Appeal from judgment of Monroe Special Term in article 78 proceeding.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ. [61 Misc 2d 633.]