Per Curiam.

The question presented is whether an outgoing legislative body, whose members were elected on a staggered basis, has power to challenge the residence qualifications of a member-elect of the incoming council.
Appellants, some of whom were members of the tal. Council of the City of Rochester for terms ending Dece_ er 1969 and on that date ceased to be members, when, too, the political complexion of the council changed, assert that power as a corollary to their contention that the election of members for terms expiring in successive years constitutes the council a continuing body. The Rochester City Charter (L. 1907, ch. 755, as amd.; and art. V, as added by Local Laws 1958, No. 8) provides, in section 5-7, that: “ The council may determine the rules of its own proceedings and is the judge of the election and qualification of its members.” It is the action of the 1969 council with which the case is concerned and, certainly, plaintiff was not one of “ its members ”. Section 5-5 of the Charter provides that the couneilmen shall meet “ on the first business day in each January, following a general municipal election, and organize as the council of the City of Rochester ” and “ [a]t each such meeting ” shall select a mayor and other designated officers. Certainly, the device of staggered elections guarantees *547 continuity in a legislative body, for routine purposes at least; but the quoted provisions of sections 5-5 and 5-7 make it clear that following each annual election the Rochester council and its administrative arm are alike reconstituted and reorganized, and that necessarily incidental to the reorganization of the council is the power explicitly conferred upon it to inspect the credentials and qualifications of its members. (And see 3 McQuillin, Municipal Corporations [3d ed., rev.], § 12.93, p. 406: ‘ * The legislative body to which a member is elected is the tribunal to try [his qualifications], and not the body in office at the time of the election. ”)
The order of the Appellate Division should be affirmed, without costs.
Chief Judge Fuld and Judges Soileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion; Judge Burke taking no part.
Order affirmed, without costs.