Robert J. Sise, J.
This is an application pursuant to CPLR article 78 in the nature of prohibition for an order staying or suspending the execution of the resolution of the City Council of the City of Troy, New York passed on the 8th day of March, *107 1976. The resolution ordered the Commissioner of Public Safety to provide all reports and files of the Professional Standards Unit of the Police Department of the City of Troy to the members of the Standing Committee on Public Safety of the City Council.
Petitioner contends that under the terms of the Troy City Charter, the employment contract between the City of Troy, New York and the Troy Police Benevolent and Protective Association, Inc., the terms of Police Department General Order 73-3, the Civil Service Law of the State of New York and the Constitutions of the United States and the State of New York, the resolution of the City Council of the City of Troy is illegal, lacking in jurisdiction and without authority of law. He also claims that the resolution is a direct violation of the contractual relationships of the police officers of the City of Troy and the City of Troy itself and is in contravention of the individual rights of the police officers including their right to privacy and to be protected from unwarranted and illegal invasions of their personnel records in an unwarranted, meaningless and illegal fashion.
Although respondents raise no procedural objection with respect to the availability of relief through an article 78 proceeding in the nature of prohibition, the court notes at the outset the limitations of this remedy.
Prohibition is an extraordinary remedy which is only available in rare cases under unusual circumstances which clearly indicate the exercise of unauthorized power (Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 438, cert den 404 US 823; Matter of Sonnenshein v City Ct. of Yonkers, 35 Misc 2d 360) . The relief sought is seldom granted as a matter of right but only in the sound discretion of the court exercised with extreme caution in cases of extreme necessity (Fenster v Leary, 264 F Supp 153, 157; People ex rel. Cuvillier v Hagarty, 238 NY 621; Matter of Salata v Tolman, 38 AD2d 991; Matter of Schuyler v State Univ. of N. Y. at Albany, 31 AD2d 273, 274; Matter of Sonnenshein v City Ct. of Yonkers, supra, p 361) .
In view of the above limitations, petitioner’s affidavits and supporting memoranda set forth no grounds upon which such unusual relief may be granted.
The resolution which is the subject of this dispute states as follows:
"Resolved, pursuant to Section 2.08 (1) of the City Charter, *108 the City Council hereby requires that the Commissioner of Public Safety provide all reports and files of the Professional Standards Unit to the members of the Standing Committee on Public Safety of the City Council * * *
"Be it further resolved that these reports and the files of said Unit be reviewed in a confidential manner; and
"Be it further resolved, pursuant to Section 2.05 of the City Charter, the Committee shall report back to the City Council no later than six (6) months, upon the review of the reports and files” (emphasis added).
The test to be applied to legislation of this type is whether it mandates action in excess of delegated authority or in disregard of standards prescribed by the Legislature (Matter of Town of Arietta v State Bd. of Equalization and Assessment, 37 AD2d 431, 432, app dsmd 30 NY 2d 771). In this regard petitioner points to no specific statute and offers no case law in support of his position. Rather, he makes a general reference to the State and Federal Constitutions, the Civil Service Law, a Police Department General Order and the employment contract. The court finds no specific prohibition against the action called for in the resolution either in the city charter or in any of the above statutes. Although a city council’s power to investigate (General City Law, §20, subd 21) is not without limitation, the court will not interfere unless it is being used for irrelevant, illegitimate or oppressive purposes (Matter of Roche v Lamb, 61 Misc 2d 633, 635, app dsmd 33 AD2d 1102, affd 26 NY2d 544).
No such purposes are apparent to this court especially in view of the resolution’s requirement that the reports remain confidential. Petitioner’s reliance on subdivision 3 of section 88 of the Public Officers Law is ill-founded since that section relates to information made public and not to that made available to members of the city council only. The purpose of this resolution is to allow the city council, which petitioner admits is the policy making branch of the Troy city government to determine through the examination of records whether the Professional Standards Unit is adequately doing its job. Such a purpose cannot be deemed irrelevant, illegitimate or oppressive.
The court, in its discretion, may refuse to grant prohibition if the subject act will cause no irreparable harm or injustice to the petitioner (23 Carmody-Wait 2d, NY Prac, § 145:206, p 778). The only harm referred to by the petitioner is the *109 invasion of a right of privacy not specifically defined. Without deciding whether such right exists, the provisions of the resolution itself along with the other applicable State and Local Laws afford adequate protection against unauthorized disclosure to the public. The court finds the other contentions of petitioner to be without merit.
The application is denied.