■ CITY OF BINGHAMTON et al., Appellants, et al., Plaintiff, v PATRICK D. MONSERRATE, as District Attorney of Broome County, et al., Respondents. —Appeals from an order of Supreme Court at Special Term, entered February 9, 1979 in Broome County, which granted summary judgment in favor of defendants dismissing the complaint. This is an action for declaratory judgment seeking a declaration that (1) the District Attorney of Broome County is not complying with section 700 of the County Law in that he refuses to prosecute violations of the Vehicle and Traffic Law in the lower courts of Broome County; (2) the District Attorney is not complying with a 1973 resolution of the Broome County Legislature which created the position of a sixth Assistant District Attorney; and (3) whether Broome County may, by budget actions unsanctioned by referendum, reduce the District Attorney's power to perform his statutory duties. Appellants are municipal corporations situated in the County of Broome which maintain local criminal courts in which heretofore traffic violations were prosecuted by the District Attorney. On October 31, 1979, the District Attorney sent a letter to all City, Town and Village Justices of Broome County stating his intention to discontinue the prosecution of minor traffic offenses in local criminal courts effective January 1, 1979. This decision was a consequence of his failure to convince the Broome County Legislature to establish two additional Assistant District Attorney positions in his office. While one new position had been established in the 1979 county budget, the District Attorney, nevertheless, concluded, based upon the increasing workload in other areas, that without the second additional position, he would be unable to devote sufficient time to the prosecution of traffic infractions and perform the task properly. On January 1, 1979, the District Attorney did, in fact, discontinue the prosecution of traffic infraction cases in local criminal courts. Appellants point out on this appeal that this condition continued until after the decision dismissing the complaint. However, on March 1, 1979, in a letter to the City, Town and Village Justices, the District Attorney announced that he would immediately resume the prosecution of

traffic infractions by reason of the fact that the Broome County Legislature had accepted a Federal "Career Criminal Prosecution" grant which would enable the District Attorney to hire two additional assistants. The District Attorney, in early March, resumed the prosecution of traffic infraction cases in local criminal courts, and has continued such prosecutions since that time. The District Attorney has voluntarily resumed the very activity that appellants sought to compel him to perform through the institution of these actions, namely, the prosecution of traffic infraction cases in local criminal courts. Since the ultimate relief sought by appellants has now been accomplished by the conduct of the District Attorney, the appeal has been rendered moot, and the general rule applies that, where no controversy remains with respect to the order appealed from, the appeal should be dismissed (*Sedita v Board of Educ.*, 43 NY2d 827; *Nassau Trust Co. v Filderman*, 52 AD2d 588; *Roche v Lamb*, 33 AD2d 1102). The issues here do not present a novel and important question of great public policy which are likely to recur so as to require us to address the merits (see *National Organization for Women v State Div. of Human Rights*, 34 NY2d 416, 419; *Le Drugstore Estats Unis v New York State Bd. of Pharmacy*, 33 NY2d 298, 301). Appeals dismissed as moot, without costs. Mahoney, P. J., Greenblott, Staley, Jr., and Mikoll, JJ., concur; Main, J., not taking part.