■ STEVEN G. DWORSKY, Individually and as a Rensselaer County Legislator, Appellant, v WILLIAM J. MURPHY, Individually and as Rensselaer County Executive, et al., Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Torraca, J.), entered January 4, 1983 in Rensselaer County, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for summary judgment, (2) from the judgment entered thereon, and (3) from an order of said court, entered March 25, 1983 in Rensselaer County, which denied plaintiff's motion to vacate the prior order of said court and denied plaintiff's motion for leave to renew. This is an action for declaratory judgment brought by plaintiff, a Rensselaer County Legislator and taxpayer, against defendants, who are fiscal officers of the county, wherein a declaration is sought that defendants violated sections 25.00 and 165.00 of the Local Finance Law by transferring money lawfully in a segregated account and commingling said funds with the general county funds. The facts are not in dispute. The county passed certain resolutions authorizing the appropriate fiscal officer to issue revenue anticipation notes not to exceed $4.2 million pursuant to subdivision b of section 30.00 of the Local Finance Law. According to subdivision g of section 25.00 of the Local Finance Law, such funds, when received, were to be placed in a segregated account to be used for the payment of such notes. Concededly, there was a commingling of funds in violation of the Local Finance Law and an investigation by the Comptroller of the State of New York resulted in a report verifying that the improper transfer of funds did occur. The report added that the transfer occurred to alleviate the cash flow problem the county was experiencing and to finance an operating deficit of $2 million. Prior to the Comptroller's investigation, in admitting the transfer defendant William Murphy, the county executive, stated that the practices would occur in the future. Defendants moved to dismiss the complaint on the grounds that, *inter alia,* it failed to state a cause of action, the issues were moot, and there was no justiciable controversy. While admitting the improper transfer in the moving papers, defendants stated that all transferred funds have been repaid and are now segregated. Special Term granted the requested relief on the ground that the issues were moot and there remained no justiciable controversy. Thereafter, plaintiff moved to vacate the dismissal order and for summary judgment. Special Term denied same and these appeals ensued. It is well established that unless a controversy remains with respect to the order appealed from, and the rights of the parties are directly affected by the determination, the appeal should be dismissed as moot (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714; *City of Binghamton v Monserrate,* 71 AD2d 745, 746, mot for lv to app den 48 NY2d 611). When, however, "a question of general interest and substantial public importance is present and is likely to recur if not judicially resolved" (*Matter of Friends of Pine Bush v Planning Bd.,* 86 AD2d 246, 248, affd 59 NY2d 849), an appeal should not be dismissed as moot. The instant controversy clearly involves a matter of general interest and substantial public importance since it involves the illegal commingling of public funds. It is also significant that, in addition to defendant Murphy's statement that the practice would continue, the record reveals that after the initial decision in this case, a substantial sum of money was transferred from the county's capital fund account to the general account in violation of section

165.00 of the Local Finance Law. Considering the record in its entirety, we are of the opinion that Special Term erred in declaring the controversy moot and there should be a reversal. Order and judgment entered January 4, 1983 reversed, on the law, without costs, and plaintiff's cross motion granted to the extent that it is declared that the transfer from segregated accounts to the general fund of Rensselaer County or from the lawfully segregated capital account of Rensselaer County into the general fund was unlawful. Appeal from order entered March 25, 1983 dismissed as academic. Sweeney, J. P., Main, Mikoll and Levine, JJ., concur.