ROBERT KERWICK, as Assessor of the Town of Denning, et al., Respondents, v NEW YORK STATE BOARD OF EQUALIZATION AND ASSESSMENT, Appellant.

In the Matter of WALTER F. HELEY, JR., as Assessor of the Town of Hardenburgh, et al., Respondents, v NEW YORK STATE BOARD OF EQUALIZATION AND ASSESSMENT, Appellant.

Third Department, May 1, 1986

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Jane Levine* and *O. Peter Sherwood* of counsel), for appellant.

*Oppenheim & Meltzer (Stephen L. Oppenheim* of counsel), for Robert Kerwick and another, respondents.

*Howard C. St. John & Associates (Howard C. St. John* and *Hugh R. Elwyn* of counsel), for Walter F. Heley, Jr., and another, respondents.

**OPINION OF THE COURT**

WEISS, J.

The instant appeal involves two separate challenges to the role of the State Board of Equalization and Assessment (SBEA) in the assessment of taxable State-owned lands. Plain-

tiffs, the Town of Denning and its assessor, commenced a declaratory judgment action to declare 9 NYCRR part 199 illegal and to enjoin SBEA from employing these regulations relative to the assessment of taxable State lands situated in the Town of Denning, Ulster County. After joinder of issue, plaintiffs moved for summary judgment. In the meantime, petitioners, the Town of Hardenburgh and its assessor, prepared the 1984-1985 assessment roll utilizing the full values suggested by SBEA[1] of taxable State-owned land in the Town of Hardenburgh, Ulster County, and provided copies of the proposed assessments to SBEA for its approval (see, Real Property Tax Law § 542 [3]). On July 12, 1984, SBEA approved the assessments and provided the necessary certification (see, id.). Thereafter, on August 27, 1984, SBEA rescinded its earlier approval due to a purported change in the level of assessment of more than 2% (see, 9 NYCRR 199-7.1 [e] [2]), and reduced the previously approved assessments of State-owned lands from $12,501,120 to $11,003,490. Petitioners commenced the instant CPLR article 78 proceeding seeking to annul SBEA's revised assessments and to declare 9 NYCRR part 199 illegal and unenforceable. Deciding both challenges together, Special Term declared 9 NYCRR part 199 illegal in its entirety; enjoined SBEA from utilizing said regulations in determining whether plaintiffs' and petitioners' assessments of State-owned lands conformed to the requirements of Real Property Tax Law § 542; and vacated SBEA's revised assessments of State-owned lands in the Town of Hardenburgh, while restoring the initial assessments certified as of July 12, 1984. This appeal by SBEA ensued.

■ As a threshold matter, both plaintiffs and petitioners maintain that the appeal is moot inasmuch as SBEA has substantially amended 9 NYCRR part 199 following Special Term's decision. We disagree. SBEA's challenge to Special Term's invalidation of 9 NYCRR part 199 in its entirety continues to affect those sections which SBEA has not amended (in particular 9 NYCRR 199-2.2, 199-2.3, 199-2.4, 199-2.5, 199-5.1, 199-6.2, 199-7.1 [c], [d], [e] [1], [2]). Consequently, the appeal may not be considered moot (see, Dworsky v Murphy, 98 AD2d 917). We note that SBEA concedes that the deleted or amended regulations were invalid and does not

---

1. SBEA has since discontinued the practice of providing suggested assessments (see, Matter of Town of Shandaken v State Bd. of Equalization & Assessment, 63 NY2d 442, 445, n 2).

challenge Special Term's decision in this regard. The validity of 9 NYCRR part 199 as amended, however, is not before us and we focus solely on the continuing validity of the unamended regulations.

■ In *Matter of Town of Shandaken v State Bd. of Equalization & Assessment* (63 NY2d 442), decided after the commencement of the present action but prior to Special Term's decision, the Court of Appeals clarified that the exclusive responsibility for the valuation of State-owned lands for tax assessment purposes is vested in the local assessors and that SBEA has no authority to change that valuation *(supra,* at pp 447-448; *see, Matter of State Bd. of Equalization & Assessment v Kerwick,* 72 AD2d 292, 299, *affd* 52 NY2d 557). SBEA's responsibility is simply to ensure that the assessment percentage employed by local assessors conforms to the equalization rate in the particular taxing district *(supra).* SBEA acknowledges that so much of 9 NYCRR part 199 as intruded on the local assessors valuation function was invalidated by the *Shandaken* decision, and that the regulations were amended subsequent to Special Term's decision in an effort to delete the offending sections.

The statute governing tax assessments of State-owned lands provided, during the time period in question, in pertinent part, that such property was to "be valued as if privately owned and assessed at the same percentage of full valuation as other taxable real property in the assessing unit" (Real Property Tax Law former § 542 [1]).[2] The procedural sequence continues to be that local assessors make the initial assessments, and submit the same to SBEA for final approval *(see,* Real Property Tax Law § 202 [1] [d]; § 542 [3]). SBEA is authorized to adopt rules and regulations necessary for the exercise of its review function (Real Property Tax Law § 202 [1] [*l*]), but such regulations may not exceed the scope of its statutory authority *(see,* 2 NY Jur 2d, Administrative Law, § 102, at 151-152).

Turning to the unamended sections under review, it is clear that 9 NYCRR 199-2.2, 199-2.3, 199-2.4 and 199-2.5 set forth guidelines relative to the valuation of State-owned lands based on differing physical characteristics, a function outside SBEA's domain. Special Term properly deemed these sections invalid. The next regulation, 9 NYCRR 199-5.1, sets forth formulas for

2. Real Property Tax Law § 542 (1) was amended by Laws of 1985 (ch 280, § 16, eff July 1, 1985).

determining "aggregate additional assessments" for specified areas, including Adirondack Park parcels and river regulating districts. Since SBEA is statutorily authorized to make these minimum assessments (see, Real Property Tax Law § 542 [3]; ECL 15-2115), the regulation is valid. We also affirm the validity of 9 NYCRR 199-6.2, which sets forth a formula for determining transition assessments, as authorized by Real Property Tax Law § 545. Insofar as 9 NYCRR 199-7.1 (c) and (d) direct that copies of assessments be sent to various interested parties, we find no impropriety.

We reach a different conclusion as to 9 NYCRR 199-7.1 (e).[3] As noted above, SBEA specifically relied on 9 NYCRR 199-7.1 (e) (2) to revise the Town of Hardenburgh's assessment for State-owned lands after the final assessment roll was filed. The revision was premised on information contained in the assessor's report, filed with SBEA on August 21, 1984, indicating a change in the level of assessment greater than 2%. SBEA maintains that the revision did not affect valuation but was designed to assure that the assessment percentage conformed to the equalization rate. Petitioners counter that the revision applied a lesser equalization rate to State-owned land than was applied to the remaining town property, in direct conflict with Real Property Tax Law former § 542 (1). The validity of these contentions need not detain us, for the issue is readily resolved by the fact that SBEA lacked statutory authorization for 9 NYCRR 199-7.1 (e).[4] A regulation allowing SBEA to rescind a final assessment based on a change in assessment level that could easily be due to a change in valuation is clearly unauthorized (see, Matter of Town of Shandaken v State Bd. of Equalization & Assessment, 63 NY2d 442, supra). As Shandaken instructs, SBEA enjoyed neither initial nor final valuation authority (supra, at p 447). It follows that Special Term properly declared 9 NYCRR 199-7.1 (e) illegal. Having so determined, we need not decide whether the challenged revision was timely within the procedural framework of Real Property Tax Law § 542 (3).

3. We note that this section has been amended in part by deleting 9 NYCRR 199-7.1 (e) (3), which authorized SBEA to rescind approved assessments based on "a change in the market value ratio" (id.; see, 9 NYCRR 199-7.1 (e), eff May 17, 1985).

4. Since the inception of these proceedings, the Legislature has authorized SBEA to adjust approved assessments due to changes in the level of assessment by enacting Real Property Tax Law §§ 1220 and 1222 (as added by L 1985, ch 280, § 6, eff July 1, 1985).

Casey, Levine and Harvey, JJ., concur.

Judgment modified, on the law, without costs, by reversing so much thereof as declared 9 NYCRR 199-5.1, 199-6.2 and 199-7.1 (c) and (d) illegal; said provisions are declared to be legal; and, as so modified, affirmed.