In the Matter of STATE OF NEW YORK (NEW YORK STATE BOARD OF EQUALIZATION AND ASSESSMENT, AND HUDSON RIVER—BLACK RIVER REGULATING DISTRICT), Appellant, v TOWN OF NORTHAMPTON, Respondent. (And Four Other Related Proceedings.)

Third Department, December 5, 1991

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (John McConnell* of counsel), for appellant.

*Hancock & Estabrook (William L. Allen, Jr.,* of counsel), for respondent.

OPINION OF THE COURT

LEVINE, J.

Petitioner is the owner of some 300 parcels of land in the Town of Northampton, Fulton County. The subject parcels are located within the Hudson River—Black River regulating district (hereinafter the district) and are taxable pursuant to ECL 15-2115, which provides that such lands, exclusive of improvements by the district, are to be assessed and taxed in the same manner as State-owned lands subject to taxation under RPTL article 5 (tit 2). RPTL 542 (1) in turn provides that such lands shall be valued as if privately owned.

Between 1986 and 1990, petitioner received from respondent notices of tentative assessment of its lands. Petitioner filed complaints with respondent challenging the tentative assessments on the grounds that they were excessive and/or disproportional to the assessed valuation of other real property on the same assessment roll. These complaints were ultimately rejected by respondent.

Petitioner then commenced the instant RPTL article 7 proceedings seeking review of respondent's final assessment of various parcels for the years 1986 through 1990. During discovery, respondent requested disclosure of certain materials relating to the calculation by the State Board of Equalization and Assessment (hereinafter SBEA) of the minimum aggregate assessed valuations for lands within the district. Under ECL 15-2115, the minimum aggregate assessed valuations of lands within a regulating district are the aggregate assessed valuations of such lands with improvements at the time of acquisition. ECL 15-2115 further provides that where there is a general increase in assessments in any town, "the assessed valuations of the lands * * * at the time of their acquisition by the regulating districts shall be deemed to have been increased proportionately with the increase of other real property in such tax district". Upon petitioner's refusal to *comply with* respondent's request, respondent moved to compel disclosure. Supreme Court granted the motion and this appeal by petitioner ensued.

Petitioner's main contention on this appeal is that the SBEA determinations regarding the minimum aggregate assessment of the subject parcels are beyond the scope of an assessment review proceeding and, thus, any information relating thereto is not properly discoverable. We agree. In *Kerwick v New York State Bd. of Equalization & Assessment* (117 AD2d 65, 69) this court upheld the validity of 9 NYCRR 199-5.1, which sets forth formulas for determining "aggregate additional assessments" for both Adirondack Park parcels and river regulating districts, on the ground that the SBEA is "statutorily authorized" under RPTL 542 (3) and ECL 15-2115 "to make these minimum assessments". Since the determination of minimum aggregate assessments is a statutory function of the SBEA, such a determination clearly may be reviewed in the context of a CPLR article 78 proceeding *(see, Matter of Town of Arietta v State Bd. of Equalization & Assessment,* 56 NY2d 356, 361), but is not a proper subject of review in an RPTL article 7 proceeding *(see, Matter of Dudley v Kerwick,* 52 NY2d 542, 548).

It appears here that the information relating to the SBEA's calculation of the minimum aggregate assessment is sought by respondent to support its defense that, even if the challenged assessments are excessive or unequal, they nevertheless do not exceed the properly calculated minimum aggregate assessment. Because, as previously stated, the SBEA's determination of the minimum aggregate assessment is not subject to challenge in these proceedings, the requested information cannot be considered " 'material and necessary' " to respondent's defense, despite the liberal interpretation to be accorded those words *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406; *Matter of General Elec. Co. v Macejka,* 117 AD2d 896, 897). Accordingly, Supreme Court's order granting respondent's motion to compel disclosure should be reversed.

Casey, J. P., Weiss, Mercure and Harvey, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and motion denied.