■ In the Matter of NEW YORK STATE TENANTS & NEIGHBORS COALITION, INC., et al., Respondents, v NASSAU COUNTY RENT

GUIDELINES BOARD, Respondent, and APARTMENT HOUSE COUN-
CIL, Intervenor-Appellant. [861 NYS2d 766]—

In a proceeding pursuant to CPLR article 78 to review a de-
termination of the Nassau County Rent Guidelines Board dated
September 21, 2005, which adopted rent adjustment Guideline
40 pursuant to the Emergency Tenant Protection Act (ETPA) of
1974 § 4 (b) (as added by L 1974, ch 576; McKinney's Uncons
Laws of NY § 8624 [b]), and a determination of the Chairperson
of the Nassau County Rent Guidelines Board dated October 5,
2005, certifying Guideline 40, as adopted on September 21, 2005,
the intervenor Apartment House Council appeals from a judg-
ment of the Supreme Court, Nassau County (Feinman, J.), dated
October 16, 2006, which granted the petition and annulled the
determinations.

Ordered that the judgment is affirmed, with costs, and the
matter is remitted to the Nassau County Rent Guidelines Board
for further proceedings consistent herewith.

The Nassau County Rent Guidelines Board (hereinafter the
Board), responsible pursuant to the Emergency Tenant Protec-
tion Act of 1974 § 4 (b) (McKinney's Uncons Laws of NY § 8624
[b]) for establishing allowable increases in regulated rent each
year, promulgated Guideline 40 in 2005. Guideline 40 provides
that, for leases commencing between October 1, 2005 and
September 30, 2006, the allowable rent increases applicable to
tenants whose gross aggregate family income is greater than
$24,000 per year, are 5.25% for one-year lease renewals and
7.25% for two-year lease renewals. For tenants whose gross ag-
gregate family income is below $24,000 per year, the allowable
increases are 1% for one-year lease renewals and 2% for two-
year lease renewals.

The Supreme Court properly annulled Guideline 40 on the
ground that the Board does not have the authority to create a
separate rent adjustment guideline based on tenant income.
ETPA § 4 (b) provides: "A county rent guidelines board shall es-
tablish annually guidelines for rent adjustments which, at its
sole discretion may be varied and different for and within the
several zones and jurisdictions of the board . . . [and] . . . shall
file with the state division of housing and community renewal

its findings for the preceding calendar year, and shall accompany such findings with a statement of the maximum rate or rates of rent adjustment, if any, for one or more classes of accommodation subject to this act, authorized for leases or other rental agreements commencing during the next succeeding twelve months. The standards for rent adjustments may be applicable for the entire county or may be varied according to such zones or jurisdictions within such county as the board finds necessary to achieve the purposes of this subdivision." The "classes of accommodation" for which the Board may establish rent adjustments are created, in the first instance, by the legislative body of the relevant city, town, or village, which is empowered to declare (or declare at an end) a residential housing emergency for such classes (*see* ETPA § 3). Therefore, the Board exceeded its statutory authority in establishing a separate class of accommodation based on tenant income (*see generally Weiss v City of New York*, 95 NY2d 1, 4-5 [2000]; *Boreali v Axelrod*, 71 NY2d 1, 11 [1987]; *Kerwick v New York State Bd. of Equalization & Assessment*, 117 AD2d 65, 68 [1986]).

In light of our determination, we need not reach the appellant's remaining contentions. Rivera, J.P., Ritter, Miller and Dillon, JJ., concur.