Proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated August 6, 2007, which adopted an alternative proposed order dated July 11, 2007, rejecting the recommendation of an administrative law judge dated June 12, 2007, made after a hearing, found that Bretton Woods Condominium VIII had taken reasonable steps to accommodate the disability of John Lipani in accordance with the Human Rights Law, and dismissed the administrative complaint.
Adjudged that the petition is granted, on the law, with costs, the determination is annulled, the administrative complaint is reinstated, and the matter is remitted to the New York State Division of Human Rights for further proceedings consistent herewith.
The New York State Division of Human Rights (hereinafter the SDHR) dismissed the administrative complaint of Anell Lipani, individually and as administrator of the estate of John Lipani, and Long Island Housing Services, Inc. (hereinafter LIHS), who allegedly sustained damages by virtue of the failure of Bretton Woods Condominium VIII to provide reasonable handicapped parking accommodations, in accordance with Executive Law § 298, for John Lipani, who was disabled.
Under most circumstances, judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence (see CPLR 7803 [4]; *561 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179 [1978]; Matter of 105 Northgate Coop. v Donaldson, 54 AD3d 414, 416 [2008]; Matter of New Venture Gear Inc. v New York State Div. of Human Rights, 41 AD3d 1265, 1266 [2007]). However, such an administrative determination is arbitrary and capricious when it exceeds the agency’s statutory “authority or [is made] in violation of the Constitution or laws of this State” (Matter of Pasieka v New York City Tr. Auth., 31 AD3d 769, 770 [2006]; see Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn., 78 NY2d 318, 324 [1991]; Matter of New York State Tenants & Neighbors Coalition, Inc. v Nassau County Rent Guidelines Bd., 53 AD3d 550, 552 [2008]). Such an arbitrary administrative determination requires reversal, on the law, “even though there is in the record substantial evidence to support the determination made” (Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 520 [1985]).
On the record presented, the SDHR improperly admitted into evidence the parties’ attempts at conciliation and the conciliation agreement itself, which was made after the filing of the administrative complaint with the SDHR, thereby violating Executive Law § 297 (4) (a).
The SDHR must reconsider the administrative complaint and the evidence before it, without reference to these attempts at conciliation and the conciliation agreement, and render a new determination thereafter.
Accordingly, the SDHR’s dismissal of the petitioners’ administrative complaint must be annulled as arbitrary and capricious and the matter remitted to the SDHR for further proceedings consistent herewith (see State Div. of Human Rights v Human Rights Commn. of Syracuse & Onondaga County, 79 AD2d 181 [1981]). Skelos, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.