In the Matter of ASHLAND PROPERTIES, LLC, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [899 NYS2d 350]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated July 3, 2008, which, inter alia, directed the petitioner to remit rent overcharges, with treble damages, to a tenant for the period from July 1, 2005, through June 30, 2008, the New York State Division of Housing and Community Renewal appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Phelan, J.), entered November 7, 2008, as granted the petition to the extent of annulling the determination with respect to the overcharges for the period from July 1, 2005, through June 30, 2008, and remitting the matter to it for a recalculation of overcharges for the period from July 1, 2007, through June 30, 2008.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In 2007 Dorothy Fleschner, a tenant in a residential apartment building owned by the petitioner Ashland Properties, Inc. (hereinafter Ashland), filed an administrative complaint alleging a rent overcharge. Upon review of that complaint, the Rent Administrator for the New York State Division of Housing and Community Renewal (hereinafter the DHCR) found that Fleschner was charged excess rent from July 1, 2005, through June 30, 2008, inter alia, because Ashland failed to comply with

guideline 39 of the Nassau County Rent Guidelines Board (hereinafter Guideline 39), which fixed maximum rates which a landlord could increase rents each year with respect to certain rent-stabilized residences. The Commissioner of the DHCR (hereinafter the Commissioner) confirmed the Rent Administrator's order in a determination dated July 3, 2008.

Ashland then commenced this CPLR article 78 proceeding. The Supreme Court annulled the Commissioner's determination, concluding that there was no overcharge of rent for the period from July 1, 2005, through June 30, 2007. Specifically, the Supreme Court determined that the Rent Administrator's refusal to allow rent increases by virtue of Ashland's noncompliance with Guideline 39 was in error. Although the Supreme Court concluded that Ashland overcharged for rent for the period from July 1, 2007, through June 30, 2008, the Supreme Court determined that the overcharge should have been calculated at a different monthly amount and, thus, remitted the matter to the Rent Administrator for a new assessment of damages. This appeal ensued.

The Supreme Court did not err in considering Ashland's contention that Guideline 39 was inapplicable here, as that issue was raised in Ashland's petition to the Commissioner for administrative review of the Rent Administrator's initial determination, and was addressed in the final administrative determination under review here (*see* CPLR 7803 [3]). Moreover, and contrary to the DHCR's contention, this issue was timely raised because Ashland was not harmed by the implementation of Guideline 39 until the Rent Administrator invoked its sanction (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207 [2004]; *Matter of Lasalle Ambulance v New York State Dept. of Health*, 245 AD2d 724 [1997]).

Guideline 39, promulgated in 2004 by the Nassau County Rent Guidelines Board (hereinafter the Board), provides that specified property owners would not be authorized to collect rent increases if they failed to provide the Board with maintenance and operation cost schedules, including information such as real estate taxes, insurance premiums, and fuel costs. Although Emergency Tenant Protection Act of 1974 (ETPA) § 4 (b) (McKinney's Uncons Laws of NY § 8624 [b] [L 1974, ch 576, sec 4, § 4 (b), as amended]) authorized the Board to establish rent adjustments based upon certain criteria, it did not permit the Board's denial of otherwise authorized rent increases because of a failure to timely submit data (*see also Matter of New York State Tenants & Neighbors Coalition, Inc. v Nassau County Rent Guidelines Bd.*, 53 AD3d 550 [2008]). Therefore,

the Supreme Court properly determined that Guideline 39 was improperly invoked by the DHCR to support a determination that Ashland overcharged Fleschner.

The DHCR's contention that it lacked authority to reject or modify findings of the Board is not properly before this Court because it was not relied upon as a ground for issuing the challenged administrative determination (*see Matter of Rizzo v New York State Div. of Hous. & Community Renewal*, 6 NY3d 104, 110 [2005]; *Matter of Eastern Pork Prods. Co. v New York State Div. of Hous. & Community Renewal*, 187 AD2d 320 [1992]). Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.