■ In the Matter of MERCEDES CASADO et al., Respondents, v MARVIN MARKUS, as Chair of the New York City Rent Guidelines Board, et al., Appellants. [903 NYS2d 387]—

Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered February 2, 2010, in an article 78 proceeding, vacating Rent Guidelines Board orders No. 40 of 2008 and 41 of 2009 insofar as they provided for minimum dollar rent increases for rent stabilized apartments renting for less than $1,000 that had not been subject to vacancy increases for the preceding six years, unanimously affirmed, without costs.

Under the Emergency Tenant Protection Act of 1974 (ETPA) (McKinney's Unconsolidated Laws of NY § 8621 *et seq.* [L 1974, ch 576, sec 4]), the Council of the City of New York is empowered to regulate the rents of housing accommodations subject to the New York City Rent Stabilization Law (Administrative Code of City of NY § 26-501 *et seq.*). The New York City Rent Guidelines Board was created pursuant to that statutory authority and, under Rent Stabilization Law § 26-510 (b) (tracking ETPA § 4 [McKinney's Uncons Laws of NY § 8624 (b)]), is authorized to annually adjust the "maximum rate or rates of rent" for rent stabilized units. In so doing, the Rent Guidelines Board is necessarily subordinate to the City Council, which is vested by the State with the exclusive power to promulgate local rent regulations. Although the City Council has the power to establish classifications of housing accommodations, and, if deemed necessary, to thereby allow for differentiations of rental treatment, it has not done so. It does not follow, however, that the Rent Guidelines Board may, in effect, step into the breach, without express statutory authority or delegation by the City Council. By imposing minimum dollar rent adjustments based on tenant longevity and rental amount, the Rent Guidelines Board not only went beyond its authority to set maximum rent *rates*, but also impermissibly created a new class of rental accommodation, a policy determination exclusively reserved to the City Council (*see* ETPA § 3 [a] [McKinney's Uncons Laws of NY § 8623 [a]; *Matter of New York State Tenants & Neighbors Coalition, Inc. v Nassau County Rent Guidelines Bd.*, 53 AD3d 550 [2d Dept 2008]). Concur—Gonzalez, P.J., Andrias, Catterson, Renwick and Manzanet-Daniels, JJ. **[Prior Case History: 27 Misc 3d 340.]**